5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Elijah Clayton MASON, Appellant.
 No. 93-1797.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 13, 1993.
Filed: September 7, 1993.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Elijah Mason appeals the sentence imposed by the District Court[1] for the Eastern District of Missouri. The district court sentenced Mason to 180 months imprisonment, with three years supervised release. Mason challenges the two-level increase in his offense level under U.S.S.G. Sec. 2A3.1(b)(4)(B), arguing the offense conduct did not rise to the level of serious bodily injury as defined in the Guidelines. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 According to facts stipulated by the parties below, Mason and Craig Cooper accosted a man and woman as they were returning to their car on the St. Louis Arch grounds. Mason and Cooper threatened the couple with loaded revolvers. Mason took the man's wristwatch and money and kept him on the ground at gunpoint. Cooper took jewelry from the woman and demanded that she perform sexual acts with him. When the woman refused, Cooper struck her in the head with his revolver and began to rip off her undergarments. Mason approached the woman, sat partially on top of her, and ordered her to comply with Cooper's demand. Park rangers interrupted the assault and captured Mason and Cooper. The government charged Mason with robbery and sexual abuse within a United States territorial jurisdiction, using a firearm in relation to a crime of violence, and being a felon in possession of a weapon.
 
 
 3
 Mason pleaded guilty. The presentence report (PSR) detailed the incident at the arch grounds, noting that one of the rangers returned to the original crime scene to check on the victim's condition:
 
 
 4
 the wound to the victim's head was near her left ear and was observed by rangers to be bleeding significantly. Although [she] initially refused medical attention on the evening of the assault, she sought medical attention on the following day as the cut was quite deep. Specific information regarding the extent of victim['s] injury, including any expenses associated with medical treatment, is not available at this time.
 
 
 5
 The PSR concluded the victim suffered serious bodily injury and recommended the district court increase the offense level by two levels pursuant to Sec. 2A3.1(b)(4)(B). In an addendum noting the Mason's objection to the two-level increase, the PSR reaffirmed its position that the victim received a serious bodily injury, and adds that she went to a hospital emergency room where she received stitches.
 
 
 6
 At the sentencing hearing, Mason again objected to the two-level increase, arguing that, under the Guidelines, "serious bodily injury" requires surgery and a hospital stay or physical rehabilitation. He argued the injury here fell in the lesser category of "bodily injury," which the Guidelines define as an injury that is painful, obvious, and the type for which medical attention would ordinarily be sought. The district court concluded that the victim's injury was a serious bodily injury and thus the two-level increase was appropriate.
 
 
 7
 We review de novo whether Mason's offense conduct caused "serious bodily injury within the meaning of the guidelines." See United States v. Yankton, 986 F.2d 1225, 1229 (8th Cir. 1993) (issues involving interpretation of scope of Guidelines reviewed de novo). The Guidelines define "serious bodily injury" as an "injury involving extreme physical pain or the impairment of a function of a bodily member, organ, or mental faculty, or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." U.S.S.G. Sec. 1B1.1, comment. (n.1(j)). Mason did not dispute that the victim sustained a head wound that was "quite deep," was bleeding significantly, and required stitches at a hospital emergency room the next morning. We conclude such an injury is a serious bodily injury within the meaning of the Guidelines. See United States v. Corbin, 972 F.2d 271, 272-73 (9th Cir. 1992) (per curiam).
 
 
 8
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri