# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 02-2773

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

KEVIN RUSSELL,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 93 CR 910—**Suzanne B. Conlon**, *Judge.*

———————

ARGUED MAY 14, 2003—DECIDED AUGUST 13, 2003

———————

Before POSNER, RIPPLE, and MANION, *Circuit Judges.*

MANION, *Circuit Judge.* Kevin Russell was convicted of bank fraud and sentenced to 70 months' imprisonment and a 60-month term of supervised release. Upon his release from prison, Russell began serving his term of supervised release but subsequently violated its conditions. As a result, the district court revoked Russell's supervised release and ordered him to serve 36 additional months in prison to be followed by a new 46-month term of supervised release. Russell appeals, and we reverse and remand.

**I.**

Kevin Russell pleaded guilty to one count of bank fraud in violation of 18 U.S.C. § 1344, and on March 30, 1994, was sentenced to 70 months in prison and 60 months of supervised release. Russell began his supervised release term on February 25, 2000, but subsequently violated its conditions by committing two separate acts of domestic battery on his wife. Thereafter, the United States Probation Office filed a special report with the district court, requesting that the court issue a rule to show cause why Russell's term of supervised release should not be revoked. The district court issued the rule on April 23, 2002, and after conducting a hearing on the matter, revoked Russell's term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3), sentencing him to the maximum term of imprisonment allowed (i.e., 36 months) and a new 46-month term of supervised release. Russell appeals.

**II.**

Russell brings two separate challenges to the term of supervised release imposed by the district court as part of his revocation sentence. First, he argues that the district court exceeded its authority under § 3583(e)(3) by sentencing him to a combined term of reimprisonment and additional supervised release in excess of his original term of supervised release. Second, he contends that once the district court imposed the maximum term of imprisonment allowed under § 3583(e)(3), it thereafter lacked the authority to sentence him to any amount of supervised release following his reincarceration. Whether the district court exceeded its authority under § 3583(e)(3) is a question of statutory construction which we review de novo. *Dersch Energies, Inc. v. Shell Oil Co.*, 314 F.3d 846, 855 (7th Cir. 2002).

**A. Whether the district court exceeded its authority under § 3583(e)(3) by sentencing the defendant to a combined term of reimprisonment and additional supervised release in excess of his original term of supervised release.**

At the time of Russell's conviction for bank robbery in January 1994, 18 U.S.C. § 3583(e)(3) (1988 ed., Supp. V) authorized district courts to:

> *revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for the time previously served on postrelease supervision*, if it finds by a preponderance of the evidence that the person violated a condition of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure that are applicable to probation revocation and to the provisions of applicable policy statements issued by the Sentencing Commission, except that a person whose term is revoked under this paragraph may not be required to serve more than 3 years in prison, if the offense for which the person was convicted was a Class B felony, or more than 2 years in prison if the offense was a Class C or D felony.

*Id.* (emphasis added).

This statute has since been amended, but the 1988 ver-sion of § 3583(e)(3) applies to Russell's sentence.[1] Section 3583(e)(3) does not specifically address whether a district court revoking a term of supervised release in favor of re-incarceration may require a defendant to serve an add-itional term of supervised release upon his release from

---

[1] From this point forward, we will refer to the 1988 version of 18 U.S.C. § 3583(e)(3) as simply "§ 3583(e)(3)."

prison. Perhaps as a result of this statutory silence, a circuit split developed on the issue. Eight circuits held that § 3583(e)(3) did not authorize the imposition of a new term of supervised release if a defendant was reimprisoned after having his original term of supervised release revoked. *See United States v. Tatum*, 998 F.2d 893, 894-96 (11th Cir. 1993) (agreeing with the Second, Fourth, Fifth, Sixth, Seventh, Ninth, and Tenth Circuits on this issue). Two circuits, however, held that a new term of supervised release could be included as part of a revocation sentence under § 3583(e)(3), even if that sentence first required the defendant to serve a term of reimprisonment. *United States v. O'Neil*, 11 F.3d 292, 294, 301 (1st Cir. 1993) (expressing its agreement with the Eighth Circuit's decision in *United States v. Schrader*, 973 F.2d 623, 624-25 (8th Cir. 1992)). In 1994, Congress attempted to resolve this circuit split by enacting 18 U.S.C. § 3583(h), which provides that:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

The enactment of § 3583(h), however, resulted in yet another circuit split: whether application of § 3583(h) to cases involving a conviction preceding the subsection's effective date violated the Ex Post Facto Clause of the United States Constitution. *Compare United States v. Withers*, 128 F.3d 1167, 1172 (7th Cir. 1997) (finding no ex post facto violation), with *United States v. Collins*, 118 F.3d 1394, 1398 (9th

Cir. 1997) (finding an ex post facto violation). The Supreme Court resolved this conflict in *Johnson v. United States*, 529 U.S. 694 (2000), holding that Congress did not intend for § 3583(h) to have retroactive application and thus did not implicate the Ex Post Facto Clause. *Id.* at 702. In *Johnson*, the Court also addressed the issue Congress had attempted to resolve by enacting § 3583(h) in the first place: whether "a district court revoking a term of supervised release in favor of reimprisonment may require service of a further term of supervised release following the further incarceration." *Id.* at 704. The Court concluded that a district court could impose a new term of supervised release after reincarceration, but in doing so held that a combined term of reincarceration and additional supervised release under § 3583(e)(3) could not exceed the length of the original term of supervised release. *Id.* at 705-06. In reaching this determination, the Court noted:

> As it was written before the 1994 amendments, subsection (3) did not provide (as it now does) that the court could revoke the release term and require service of a prison term equal to the maximum authorized length of a term of supervised release. It provided, rather, that the court could "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release . . . ." So far as the text is concerned, it is not a "term of imprisonment" that is to be served, but all or part of "the term of supervised release." *But if "the term of supervised release" is being served, in whole or part, in prison, then something about the term of supervised release survives the preceding order of revocation.* While this sounds very metaphysical, the metaphysics make one thing clear: unlike a "terminated" order of supervised release, *one that is "revoked" continues to have some effect. And since it continues in some*

> *sense after revocation even when part of it is served in*
> *prison, why can the balance of it not remain effective as a*
> *term of supervised release when the reincarceration is over?*

*Id.* at 705-06 (emphasis added); *see also id.* at 707 (holding that Congress's use of the term "revoked" meant "that any *balance* not served in prison may survive to be served out as supervised release") (emphasis added).

Thus, according to *Johnson*, a district court may, upon revoking a term of supervised release under § 3583(e)(3), sentence a defendant to serve a combined term of reimprisonment and additional supervised release, so long as that sentence does not exceed the original term of supervised release. 529 U.S. at 705-07, 712-13. In this case, the district court originally sentenced Russell to a 60-month term of supervised release. After revoking the defendant's supervised release, the court sentenced him to the maximum term of imprisonment allowed under § 3583(e)(3) (i.e., 36 months) and ordered that he also serve a new 46-month term of supervised release upon his release from prison; for a combined total of 82 months (22 months over his original term of supervised release).[2] We, therefore, agree with the

---

[2] In this case, the offense for which Russell was convicted was bank fraud, a Class B felony, and, therefore, the district court was clearly authorized to sentence him to the maximum term of imprisonment allowed under § 3583(e)(3) for violating conditions of his original term of supervised release. *See* § 3583(e)(3) ("[A] person whose term is revoked under this paragraph may not be required to serve more than 3 years in prison if the offense for which the person was convicted was a Class B felony."); 18 U.S.C. § 3559(a)(2) ("An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is . . . twenty-five years or

(continued...)

defendant that, to the extent the district court's revocation sentence exceeded the original 60-month term of supervised release, the court exceeded its authority under § 3583(e)(3).

Nevertheless, the government argues—albeit half-heartedly—that the district court's entire 82-month revocation sentence may be affirmed under the rationale adopted by the Sixth Circuit in *United States v. Marlow*, 278 F.3d 581 (6th Cir.), *cert. denied*, 535 U.S. 1119 (2002). In *Marlow*, the district court revoked the defendant's original four-year term of supervised release and sentenced him to serve 20 months in prison to be followed by a new four-year term of supervised release. *Id.* at 582. The defendant appealed the district court's imposition of the four-year term of supervised release, arguing that under § 3583(e)(3) "the duration of the postrevocation incarceration plus the new term of supervised release cannot exceed the duration of the original term of supervised release." *Id.* Although the Sixth Circuit agreed that, after *Johnson*, § 3583(e)(3) could not be interpreted as authorizing a district court to sentence a defendant to a combined term of reincarceration and additional supervised release in excess of the original term of supervised release, it nevertheless concluded that the district court was authorized to impose such a sentence pursuant to its general sentencing authority under 18 U.S.C. § 3583(a), noting:

> Though the [*Johnson*] Court's discussion of this issue was *dicta*, six justices agreed that "[t]here is no reason to think that *under that regime* [if subsection (e)(3) did not authorize a court to order a postrevocation term of

---

² (...continued)
more, as a Class B felony."); 18 U.S.C. § 1344 (providing that a person convicted of bank fraud can be "imprisoned not more than 30 years").

supervised release] the court would lack the power to impose a subsequent term of supervised release in accordance with its general sentencing authority under 18 U.S.C. § 3583(a)."

*Marlow*, 278 F.3d at 587 (quoting *Johnson*, 529 U.S. at 708) (emphasis added). *See also United States v. Fareed*, 296 F.3d 243, 247 (4th Cir. 2002) (relying on *Marlow* to support its conclusion that the district court was authorized under § 3583(a) to impose a new term of supervised release after terminating the original one pursuant to 18 U.S.C. § 3583(g)).

As the government concedes, however, there are several problems with the Sixth Circuit's reasoning in *Marlow*. To begin with, the *Marlow* Court's reliance on dicta from the *Johnson* decision is entirely misplaced. The dicta at issue was written by Justice Souter, author of the majority opinion in *Johnson*, in response to arguments made by Justice Scalia in his lone dissent. *Johnson*, 529 U.S. at 707-08. The primary area of disagreement between Justice Souter and Justice Scalia concerned the meaning of the word "revoke," as used by Congress in enacting § 3583(e)(3) (i.e., which authorized courts to "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release . . . ."). In Justice Souter's view, the text of § 3583(e)(3), when read *in pari materia* with § 3583(e)(1), *Johnson*, 529 U.S. at 704-05, suggested that Congress used the term "revoke" in "an unconventional way," i.e., "to call or summon back," and that " 'RECALL in this sense indicates a calling back, suspending, or abrogating, either finally as erroneous or ill-advised *or tentatively for deliberation*.' " *Id.* at 706 (emphasis added) (citations omitted). Justice Scalia, on the other hand, believed that the term "revoke" should be construed " 'in accordance with its ordinary or natural meaning,' " *id.* at 715 (cita-

tion omitted), i.e., "to annul by recalling or taking back." *Id.* (internal quotation marks and citations omitted). In short, the Court in *Johnson* took the position that "a 'revoked' term of supervised release survives to be served in prison following the court's reconsideration of it . . . and . . . any balance not served in prison may survive to be served out as supervised release," *id.* at 707, whereas Justice Scalia believed that a "revoked" term of supervised release under § 3583(e)(3) "is simply canceled; and since there is no authorization [in § 3583] for a new term of supervised release to replace the one that has been revoked, additional supervised release is unavailable." *Id.* at 716. In response to Justice Scalia's dissent, Justice Souter made the following observations:

> *Let us suppose that Congress had legislated in language that unequivocally supported the dissent, by writing subsection (3) to provide that the judge could "revoke" or "terminate" the term of supervised release and sentence the defendant to a further term of incarceration.* There is no reason to think that *under that regime* the court would lack the power to impose a subsequent term of supervised release in accordance with its general sentencing authority under 18 U.S.C. § 3583(a) . . . [which] provides that "[t]he court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment . . . ." Thus, *on the dissent's reading*, when Johnson's supervised release was revoked and he was committed to prison, the District Court "impos[ed] a sentence to a term of imprisonment." . . . And that sentence was, as already noted, imposed for his initial offense, the Class D felony violation . . . . Nor would it be mere formalism to link the second prison sentence to the

> initial offense; the gravity of the initial offense de-termines the maximum term of reimprisonment, see § 3583(e)(3), just as it controls the maximum term of su-pervised release in the initial sentencing, see § 3583(b). *Since on the dissent's understanding the resentencing pro-ceeding would fall literally and sensibly within the terms of § 3583(a), a plain meaning approach would find authority for reimposition of supervised release there.*

*Id.* at 707-08 (emphasis added).

When viewed in context, it becomes clear that the *Marlow* Court's reading of *Johnson* is untenable. The Supreme Court in *Johnson* did not imply, as the Sixth Circuit suggests, that a district court could revoke a defendant's term of super-vised release under § 3583(e)(3) and then sentence him to a combined term of reimprisonment and additional super-vised release in excess of the original term of supervised release by using its general sentencing authority under 18 U.S.C. § 3583(a). Instead, the Court merely posited that if Justice Scalia were correct in his assertion that Congress intended for the term "revoke," as used in § 3583(e)(3), to mean "annulled and treated as though it had never existed," *Johnson*, 529 U.S. at 717 (Scalia, J., dissenting), a district court would still have the power "under that regime" to "impose a subsequent term of supervised release in accordance with its general sentencing authority under 18 U.S.C. § 3583(a)." *Id.* at 708.

The *Johnson* Court, however, rejected Justice Scalia's in-terpretation of "revoke." Therefore, the Court's speculation on what the outcome of the case might have been under a hypothetical statute containing "language that unequivo-cally supported the dissent" is of no consequence. *Johnson*, 529 U.S. at 713. In other words, Justice Souter's dicta regarding § 3583(a) would be relevant only if the Court

had interpreted the term "revoke" to mean, as Justice Scalia advocated, an annulment or termination of the original term of supervised release, which it declined to do.

Furthermore, the plain meaning of § 3583(a)'s text strongly suggests that subsection applies only to the initial setting of a supervised release term, providing in pertinent part that "[t]he court, in imposing a sentence to a term of imprisonment *for a felony or a misdemeanor*, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." *Id.* (emphasis added). Congress's use of the phrase "for a felony or a misdemeanor" can logically be interpreted as referring only to the underlying offense of conviction. Although all federal convictions are either felonies or misdemeanors, the same cannot be said of all violations of a condition of supervised release, which can encompass conduct that is neither a felony nor a misdemeanor (e.g., failure to report an arrest to a probation officer). This interpretation of § 3583(a) is further bolstered by the existence of a more specific statute, § 3583(e)(3), which, unlike § 3583(a), specifically authorizes district courts to revoke a defendant's term of supervised release. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384-85 (1992) (holding that "it is commonplace of statutory construction that the specific governs the general").

Finally, we cannot accept the reasoning employed by the Sixth Circuit in *Marlow* because it directly conflicts with the Supreme Court's analysis and interpretation of § 3583(e)(3) in *Johnson*. A district court cannot simply bypass § 3583(e)(3) and impose a revocation sentence of reimprisonment and additional supervised release in excess of the original term of supervised release by sentencing a defendant under § 3583(a). Were such a route permissible, Justice

Souter and Justice Scalia would not have engaged in the extensive exchange in *Johnson* over the meaning of the term "revoke."

For all of the preceding reasons, we conclude that the district court exceeded its authority under § 3583(e)(3) by sentencing the defendant to a combined term of reincarceration and additional supervised release 22 months over his original term of supervised release, and that § 3583(a) may not be used to circumvent the Supreme Court's holding in *Johnson*.[3]

**B. Whether the district court's decision to sentence the defendant to the maximum term of imprisonment allowed under § 3583(e)(3) precluded it from including any term of supervised release in his revocation sentence.**

We now turn to Russell's second argument: that the district court's decision to sentence him to the maximum term of imprisonment allowed under § 3583(e)(3) (i.e., 36 months) stripped it of the authority to include any term of supervised release in the revocation sentence. Specifically, he contends that "the range of potential punishments for a supervised release violation [contained in § 3583(e)] indicates that . . . no additional term of supervised release can be ordered where, upon revocation, the defendant is sentenced to serve the maximum term of incarceration for the violation."

---

[3] Because this decision creates a conflict with another circuit, the opinion was circulated to the full court in advance of publication, in accordance with 7th Cir. R. 40(e). No judge in regular active service voted to hear the case en banc.

At the time Russell was sentenced in March 1994, Section 3583(e) provided district courts with the authority to take four actions with respect to a defendant's term of supervised release once it had begun: (1) "terminate [the] term of supervised release and discharge the person released at any time after the expiration of one year of supervised release . . . if it is satisfied that such a action is warranted . . . .," 18 U.S.C. § 3583(e)(1); (2) "extend [the] term of supervised release if less than the maximum authorized term was previously imposed, [or] . . . modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release . . . . ," 18 U.S.C. § 3583(e)(2); (3) "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for the time previously served on postrelease supervision," § 3583(e)(3); or (4) "order the defendant to remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling devices, except that an order under this paragraph may be imposed only as an alternative to incarceration." 18 U.S.C. § 3583(e)(4). Of these four options, only three of them (i.e., § 3583(e)(2)-(e)(4)) provide a means by which the district court can punish a defendant for violating a condition of supervised release.

According to Russell, none of the methods of punishment provided for in § 3583(e) is at the district court's disposal should he violate a condition of his new supervised release term upon his release from prison. Were this the extent of Russell's argument, our analysis would be at an end. The defendant is currently serving a 36-month prison sentence, is not on supervised release, and thus has not yet violated a condition of his new supervised release term. Thus, the

question of whether any of § 3583(e)'s subsections may be used by the district court in the future to punish the defendant for violating a condition of supervised release is not before us, and we therefore lack the jurisdiction to address it. *U.S. Nat'l Bank of Oregon v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (" 'The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy,' and 'a federal court [lacks] the power to render advisory opinions.' ") (citation omitted). But this is not Russell's entire argument (at least not when viewed in its most charitable light). The defendant also appears to be arguing that the penalty provisions in § 3583(e) show that Congress did not intend for a defendant sentenced to the maximum term of reimprisonment under § 3583(e)(3) to serve an additional term of supervised release after his reincarceration. For the reasons that follow, we reject Russell's argument.

In *Johnson v. United States*, the Supreme Court addressed the nature and scope of a revocation sentence under §3583(e)(3), noting:

> The proceeding that follows a violation of the conditions of supervised release is not, to be sure, a precise reenactment of the initial sentencing. Section 3583(e)(3) limits the possible prison term to the duration of the term of supervised release originally imposed. (If less than the maximum has been imposed, a court presumably may, before revoking the term, extend it pursuant to § 3583(e)(2); this would allow the term of imprisonment to equal the term of supervised release authorized for the initial offense.) *The new prison term is limited further according to the gravity of the original offense. See § 3583(e)(3). But nothing in these specific provisions suggests that the possibility of supervised release following imprisonment was meant to be eliminated.*

529 U.S. at 712-13 (emphasis added).

Thus, according to *Johnson*, § 3583(e)(3)'s limitation on the amount of time a district court can reimprison a defendant for violating a condition of supervised release—vis-à- vis the maximum terms of imprisonment included in that subsection—cannot be construed as eliminating or restrict-ing the authority of the court to include a new term of supervised release in the defendant's revocation sentence, so long as the new term of supervised release does not exceed the length of the original term. 529 U.S. at 712; *see also id.* at 705 ("But if 'the term of supervised release' is being served, in whole or in part, in prison, then something about the term of supervised release survives the preced-ing order of revocation."); *id.* at 707 ("a 'revoked' term of supervised release survives to be served in prison . . . [and] any balance not served in prison may survive to be served out as supervised release").[4] Therefore, the district court clearly had the authority under § 3583(e)(3) to include an additional term of supervised release in Russell's revocation sentence.

We realize, of course, that *Johnson* did not specifically address the argument Russell raises on appeal. But that is of no consequence. Our inquiry here is limited solely to determining whether the district court had the authority to

---

[4] *See also United States v. St. John*, 92 F.3d 761, 767 (8th Cir. 1996) (noting that "[i]n the case of a Class C felony, for which the maxi-mum authorized term of supervised release is 3 years, under the prior law as interpreted in this circuit, a defendant could be sentenced, upon revocation of supervised release, to a term of imprisonment of 2 years (the maximum term of imprisonment authorized under § 3583(e)(3)) to be followed by a term of super-vised release of 1 year"); *O'Neil*, 11 F.3d at 301-02 (holding that, upon revocation, the defendant could be sentenced to the maxi-mum term of imprisonment (i.e., 2 years) to be followed by a new one-year term of supervised release).

act—i.e., to include any term of supervised release in a revocation sentence that also requires the defendant to serve the statutory maximum term of imprisonment, and *Johnson* answers that question conclusively. We are not permitted, as Russell requests, to consider whether this authority is "meaningless." As previously noted, the district court's ability to penalize the defendant should he violate a condition of supervised release upon his release from prison is not a question before us on appeal, and we lack the jurisdiction to issue an advisory opinion on the matter. *Independent Ins. Agents of Am.*, 508 U.S. at 446.

## III.

The district court exceeded its authority under § 3583(e)(3) by sentencing the defendant in excess of his original 60-month term of supervised release. We therefore REVERSE the district court's judgment, and REMAND the case with instructions to reduce the supervised release portion of the defendant's revocation sentence to 24 months.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*