**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Maurice HICKS, Defendant–Appellant.**

**No. 04–1022.**

United States Court of Appeals,
Seventh Circuit.

Submitted May 14, 2004.

Decided May 14, 2004.

Randy G. Massey, Office of the United States Attorney, Fairview Heights, IL, for Plaintiff–Appellee.

Maurice Hicks, Forrest City, AR, pro se.

Before POSNER, MANION, and DIANE P. WOOD, Circuit Judges.

## ORDER

Maurice Hicks appeals the district court's judgment revoking his supervised release. His court-appointed attorney seeks leave to withdraw, discerning no non-frivolous issues for appeal. *See An-ders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We grant counsel's motion to withdraw and dismiss the appeal.

In 1995, Maurice Hicks was convicted of two counts of distributing cocaine base, 21 U.S.C. § 841(a)(1), and two counts of distributing cocaine base within 1,000 feet of a school, 21 U.S.C. § 860. For each count the district court sentenced Hicks to 121 months' imprisonment and five years' supervised release, with the sentences to run concurrently. Hicks's prison sentence was later reduced to 90 months based on the government's motion under Federal Rule of Criminal Procedure 35. He was released from prison in 2001.

Two years later, the government moved to revoke his supervised release based on numerous violations. At the revocation hearing Hicks admitted that since his release from prison he had, among other infractions, incurred two state convictions for possession of marijuana and a conviction for driving under the influence; tested positive for marijuana on three occasions; and failed to submit reports to his probation officer for nearly two years. The court revoked Hicks's supervised release and sentenced him to two years' reimprisonment, followed by two more years of supervised release. Hicks filed a timely notice of appeal, but his attorney has concluded that he lacks a non-frivolous basis for appeal and therefore seeks to withdraw. Hicks declined our invitation to respond to counsel's request to withdraw, *see* Circuit Rule 51(b), and because counsel's submission is facially adequate, we limit our review to the potential issues counsel identifies. *See United States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir.2002); *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997).

In her brief counsel considers generally whether Hicks could challenge the district

court's decision to revoke his supervised release. As counsel observes, Hicks admitted that he committed multiple violations of his supervised release terms. Of the conduct Hicks committed, the district court appropriately determined that his most serious offense was possession of marijuana, a Grade B offense in light of his prior convictions. *See United States v. Trotter*, 270 F.3d 1150, 1155–56 (7th Cir. 2001) (possession of marijuana was Grade B offense because of defendant's prior drug conviction). Revocation of supervised release is mandatory when the defendant commits a Grade B violation. U.S.S.G. § 7B1.1(a)(2), § 7B1.3(a)(1); *United States v. Wright*, 92 F.3d 502, 504 (7th Cir.1996). We therefore agree with counsel that any argument challenging the court's decision to revoke Hicks's supervised release would be frivolous.

Counsel next considers generally whether Hicks could challenge the term of reimprisonment imposed by the district court. We will reverse a sentence imposed on revocation of supervised release only if it is plainly unreasonable. *United States v. Salinas*, 365 F.3d 582, 588–89 (7th Cir. 2004); *United States v. Harvey*, 232 F.3d 585, 587 (7th Cir.2000). The guidelines prescribe a range of time of imprisonment to be imposed when the court revokes supervised release, but the applicable range is only advisory and thus "informs rather than cabins the exercise of the judge's discretion." *Salinas*, 365 F.3d at 588–89; *United States v. Hale*, 107 F.3d 526, 529 (7th Cir.1997). The court must consider the applicable range, along with the individualized factors set forth in 18 U.S.C. § 3553(a), which include the seriousness of the supervised release violations, the defendant's history, and the need to deter future criminal conduct and protect the public. *Salinas*, 365 F.3d at 588–90; *United States v. McClanahan*, 136 F.3d 1146, 1151 (7th Cir.1998). After con-

sidering these factors, the court is authorized to impose a term of reimprisonment up to the statutory maximum specified in 18 U.S.C. § 3583(e)(3), here three years. *See United States v. Russell*, 340 F.3d 450, 454 (7th Cir.2003).

In sentencing Hicks for his release violations, the district court determined that Hicks's Grade B offense level, coupled with his criminal history category of II, yielded a sentencing range of 6–12 months. The court considered the applicable range along with the factors in § 3553(a) and concluded that a more severe penalty was warranted. In support of its decision to impose a harsher sentence, the court pointed to Hicks's multiple, serious violations. The court also noted that Hicks continued to violate the terms of his release even after the government moved for revocation. After the government filed its revocation petition, the district court released Hicks on bond and postponed the revocation hearing for several months, so that Hicks could obtain medical care for an infection in his leg. During this time Hicks was discovered to be in possession of marijuana and also tested positive for marijuana on two different dates. Based on these facts, the court's decision to impose a more severe penalty was not plainly unreasonable. *See Salinas*, 365 F.3d at 589–90; *Hale*, 107 F.3d at 530. Accordingly, we agree with counsel that a challenge on this ground would be frivolous.

Counsel also considers whether Hicks could bring a specific challenge to the court's decision to impose an additional term of supervised release. A district court may, upon revoking a term of supervised release, sentence a defendant to a term of reimprisonment and an additional term of supervised release. *Russell*, 340 F.3d at 453–54; *United States v. Fareed*, 296 F.3d 243, 247 (4th Cir.2002). The only caveat is that the combined sentence can-

not exceed the initial term of supervised release. *Russell,* 340 F.3d at 454. Here, Hicks was originally sentenced to a term of five years' supervised release on each of his four counts of conviction. The sentence imposed by the court in revoking his supervised release—24 months' imprisonment followed by two years' supervised release—is less than the original term of supervised release. We therefore agree with counsel that any challenge to the new term of supervised release would be frivolous.

For these reasons, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.