NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 1, 2007
Decided February 1, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

No. 06-3186

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 01-CR-236 |
| TY LIEDTKE, *Defendant-Appellant.* | J.P. Stadtmueller, *Judge.* |

## O R D E R

Ty Liedtke was convicted of wire fraud and sentenced to five months' imprisonment and three years of supervised release.  After Liedtke violated his supervised release, the district court sentenced him to 10 months' imprisonment. Liedtke appeals, but his appointed attorney moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern any nonfrivolous grounds for appeal.  We invited Liedtke to respond to counsel's motion, *see* Cir. R. 51(b), but his response sets forth no cogent legal argument.  Thus, we limit our review to the points discussed in counsel's facially adequate brief.  *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

In May 2000, Liedtke pleaded guilty before the United States District Court for the District of New Jersey to eight counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2. On each of the eight counts, the district judge sentenced Liedtke to five months' imprisonment to be served concurrently, followed by three years' supervised release on each count, also to run concurrently. In December 2001, after Liedtke had completed his prison term, the district court transferred jurisdiction over his supervision to the Eastern District of Wisconsin. In May 2003, Liedtke's probation officer issued a summons for failing to report a police contact and for falsifying his monthly report forms. After a revocation hearing, the Wisconsin district court modified his supervised release to include 60 days in a halfway house. In April 2004, the probation officer issued another summons for violations including pending forgery charges in state court, opening a line of credit without approval, falsifying monthly reports, and failing to pay restitution. The district court held a second revocation hearing, after which the court revoked Liedtke's supervised release and imposed a prison term of six months, followed by two years' supervised release.

In June 2006, Liedtke's probation officer again petitioned to revoke his supervised release because he violated a litany of conditions of that release: failing to make restitution payments, using or opening lines of credit without prior approval, failing to provide proper notice that he was terminated from his job and had changed residences, being charged with a DUI, using alcohol excessively, and failing to provide proper notice of a police contact. For the third time, the district court convened a revocation hearing. Liedtke stipulated to the violations and argued for a six-month sentence based on his personal circumstances, including his difficult divorce, the impact of a long separation on his teenage son, his financial difficulties, the fact that he was gainfully employed, and his acceptance of responsibility. The district court calculated a guidelines range of 3 to 9 months' imprisonment, but imposed a prison term of 10 months without further supervision because Liedtke had committed multiple violations, his supervised release had already been revoked before, and he had proven himself "basically unsupervisable."

Counsel first considers arguing that the district court abused its discretion by sentencing Liedtke to a prison term that exceeds the court's statutory authority under 18 U.S.C. § 3583(e)(3). But this provision empowers the court to impose a prison sentence upon revocation of not more than two years when, as here, the initial offense is a class D felony. *United States v. Russell*, 340 F.3d 450, 452 (7th Cir. 2003). The 10-month sentence was well within the statutory limit of two years and, thus, this potential argument is frivolous.

Counsel next considers arguing that the 10-month sentence imposed by the district court was unreasonable because it exceeds the guidelines range by one month. We measure a sentence for reasonableness based on its conformity with the

sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v. Robinson*, 435 F.3d 699, 701 (7th Cir. 2006). Here, the district court considered the arguments of the parties and the § 3553(a) factors, and gave specific, well-reasoned justifications for the above-guidelines sentence, namely that Liedtke had committed numerous violations of his release conditions, he had done so multiple times previously, his supervised release had been revoked once before without any deterrent effect, and he had proven himself "basically unsupervisable." Indeed, the court emphasized that Liedtke's refusal to learn from his past mistakes was a "very, very significant reason" for the above-guidelines sentence. The court also noted with concern that Liedtke had put himself "in harm's way" when he was arrested for speeding and driving under the influence. Thus, on this record it would be frivolous to argue that the sentence is unreasonable.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.