NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 16, 2007
Decided May 22, 2007

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 07-1224

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>   *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | |
| | No. 3:06-CR-30089-001-DRH |
| ELIJAH CLAYTON MASON, <br>   *Defendant-Appellant*. | David R. Herndon, <br> *Judge*. |

**O R D E R**

Elijah Mason and another man robbed a couple at gunpoint and sexually assaulted the woman on the grounds of the Gateway Arch in St. Louis. Mason was prosecuted in federal court and sentenced in 1993 to a total of 180 months' imprisonment. *See United States v. Mason*, 1993 WL 335764 (8th Cir. Sept. 7, 1993) (unpublished). After his release in May 2006, jurisdiction was transferred to the Southern District of Illinois where Mason began serving a three-year term of supervised release. Four months into that term, his probation officer petitioned to revoke Mason's supervised release. At the revocation hearing Mason admitted that in July 2006 he was present while another felon burglarized a gas station and that he was arrested for obstruction of justice related to that burglary. He did not tell

his probation officer about the arrest. Mason also fled after he was released from jail on his own recognizance and lied to his probation officer about his whereabouts. He remained in hiding for several months, and in January 2007 he finally turned himself in. He further admitted that he used marijuana and cocaine during his release.

The district court determined that the most serious of these violations—possession of marijuana and cocaine—met the Grade B classification under the guidelines policy statements. *See* U.S.S.G. § 7B1.1(a)(2). Combining this classification with Mason's criminal history category of V yielded an imprisonment range of 18 to 24 months. *See id.* § 7B1.4(a). The court sentenced him to 20 months' imprisonment and 16 months' supervised release, emphasizing the seriousness of Mason's lies to his probation officer, his long period of hiding, and the danger that absconders who are "desperate" and "apt to make desperate decisions" present to the public. The government requested that the court also order Mason to undergo sex-offender treatment as a condition of his supervised release. Mason's probation officer explained that she would have proposed such treatment had Mason not violated his conditions of release so quickly. She also told the court that Mason had physically abused and threatened his former girlfriend while on supervised release. Mason's attorney objected, but the district court agreed with the government and ordered Mason to undergo the treatment.

Mason filed a notice of appeal and wants to challenge the imposed reimprisonment, supervised release, and sex-offender treatment, but his appointed counsel moves to withdraw because she cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Mason has not accepted our invitation to respond to counsel's submission, *see* Cir. R. 51(b), so our examination is confined to those potential issues identified in counsel's facially adequate brief, *see United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Counsel first considers whether Mason could argue that his 20-month prison term is unreasonably long. Before the decision in *United States v. Booker,* 543 U.S. 220 (2005), we would not disturb a term of reimprisonment unless it was "plainly unreasonable," and although there is some debate as to whether that standard or a "reasonableness" standard applies post-*Booker, see United States v. Flagg*, No. 06-3092, 2007 WL 861115, at *1-2 (7th Cir. Mar. 23, 2007), we agree with counsel that Mason's prison term is appropriate no matter which standard is applied. When imposing a term of reimprisonment for violating supervised release, a district court must consider the applicable policy statements and the sentencing factors in 18 U.S.C. § 3553(a), *see id.* at *4, which the district court did here. In choosing a sentence within the properly calculated guidelines range, the court took into account Mason's lengthy period as a fugitive, his efforts to mislead his probation officer, and the danger his conduct could pose to others. And the court also

considered as a mitigating factor that Mason eventually turned himself in.  We thus agree with counsel that it would be frivolous for Mason to argue that he received too much prison time.

Counsel next questions whether Mason might argue that, under the version of 18 U.S.C. § 3585(e) in effect in 1993 when he was convicted, the district court lacked authority to impose a further term of supervised release after revocation. We agree with counsel that it would be frivolous to raise this potential argument. Although in 1993 the statute did not explicitly provide for further supervised release after revocation and reimprisonment, the Supreme Court has interpreted the language of former § 3585(e)(3) to permit this option.  *See Johnson v. United States*, 529 U.S. 694, 713 (2000); *United States v. Russell*, 340 F.3d 450, 453-54 (7th Cir. 2003).  The combined length of any imprisonment and additional supervised release may not exceed the original term of supervised release, *Russell*, 340 F.3d at 454, and the 20 months' imprisonment and 16 months' supervised release imposed here does not exceed Mason's original three-year term of supervised release.

Finally, counsel questions whether Mason could contest the sex-offender treatment ordered as a condition of his new term of supervised release.  We would review the district court's decision to order treatment for abuse of discretion, *see United States v. Ross*, 475 F.3d 871, 873 (7th Cir. 2007), which we would not find if the required treatment is reasonably related to the circumstances surrounding the offense and Mason's history and characteristics; is reasonably related to and involves no greater deprivation of liberty than necessary to deter Mason, to protect the public, and to provide him with treatment in an effective manner; and comports with the policy statements in the sentencing guidelines.  *See* 18 U.S.C. § 3583(d); *Ross*, 475 F.3d at 873.  And here we agree with counsel that the court took these factors into account when ordering Mason to undergo sex-offender treatment. Mason's underlying conviction involved a "serious sexual abuse charge," which the court characterized as "attempted rape."  Mason's probation officer informed the court that after his release he became violent with his former girlfriend.  It was within the court's discretion to consider the sexual-abuse conviction and to credit the statements of Mason's probation officer.  Thus, counsel is correct that an appellate challenge to this special condition of Mason's new term of supervised release would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.