NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 14, 2008
Decided May 16, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 07-4070

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, | Appeal from the United States District <br> Court for the Western District of Wisconsin. |
| *v.* | No. 07-CR-0062 |
| JEFFREY T. BREDEN, <br>     *Defendant-Appellant.* | John C. Shabaz, <br> *Judge*. |

## O R D E R

Jeffrey Breden pleaded guilty in 1992 to possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). He was sentenced as an armed career criminal to 192 months' imprisonment and five years' supervised release. *See id.* § 924(e). After his release from prison in October 2006, Breden was arrested on state charges in June and September 2007. His probation officer petitioned the district court to revoke his release, and Breden, who was convicted of engaging in disorderly conduct and obstructing a peace officer, stipulated at his revocation hearing that he violated the conditions of his supervised release by

committing new crimes and using alcohol. The court accordingly revoked his supervised release and ordered Breden reimprisoned for 14 months, to be followed by three additional years of supervised release. Breden directed his appointed counsel to file a notice of appeal, but counsel now seeks to withdraw because she cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Breden has accepted our invitation to comment on counsel's motion. *See* Cir. R. 51(b). Our review of the record is limited to the potential issues identified in counsel's supporting brief and in Breden's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel contemplates whether Breden could challenge the reasonableness of his term of reimprisonment. We would uphold that term unless we found it to be "plainly unreasonable," a standard that reflects the "narrowest judicial review of judgments we know." *United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007). So long as the district court considered the applicable policy statements in the sentencing guidelines, *see* U.S.S.G. ch. 7, pt. B, and evaluated the factors set out in 18 U.S.C. § 3553(a), *see United States v. Salinas*, 365 F.3d 582, 588-89 (7th Cir. 2004), the court's choice of an appropriate period of reimprisonment will be sustained. In this case Breden's Grade C violations, *see* U.S.S.G. § 7B1.1(a)(3), and his criminal history category of VI yielded an imprisonment range of 8 to 14 months under the applicable policy statements. *See* U.S.S.G. § 7B1.4. The court imposed a term within that range after taking into account the factors in § 3553(a), and counsel cannot identify any basis for concluding that a term of 14 months is plainly unreasonable. Thus, we agree that it would be frivolous to pursue this challenge.

Breden, in his Rule 51(b) response, seeks to argue that the district court should not have imposed a further term of supervised release to follow his reimprisonment. This potential argument would be frivolous. Although the governing statute (the version of 18 U.S.C. § 3583 in effect in 1992) does not explicitly permit a further term of supervised release, the Supreme Court has held that it leaves "open the possibility of supervised release after reincarceration." *Johnson v. United States*, 529 U.S. 694, 713 (2000); *see also United States v. Russell*, 340 F.3d 450, 453-54 (7th Cir. 2003). So long as the combined term of reimprisonment and supervised release do not exceed the original term of supervised release, the district court is free to impose new terms of supervised release. *See Johnson*, 529 U.S. at 712-13; *Russell*, 340 F.3d at 454. Here, Breden's new three-year term of supervised release, combined with his 14-month term of reimprisonment, does not exceed his original five-year term of supervised release.

For the above reasons, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.