**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2008
Decided December 23, 2008

**Before**

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 08-2181

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 91-CR-290 |
| ERNEST F. CLARK, *Defendant-Appellant.* | Lynn Adelman, *Judge.* |

**O R D E R**

Ernest Clark was convicted in 1992 of armed bank robbery, *see* 18 U.S.C. § 2113, use of a firearm while committing a crime of violence, *see* 18 U.S.C. § 924(c), and being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1). Fourteen years later Clark was released from custody, but he did not comply with the terms of his supervised release. After Clark tested positive for cocaine on four separate occasions and missed various counseling appointments, his probation officer petitioned the district court to revoke his release. At his revocation hearing Clark admitted nearly all of the allegations, including that he had tested positive for cocaine on at least three occasions in the previous year. The court found that it was four, which made revocation mandatory under 18 U.S.C. § 3583(g)(4). In light of

Clark's intractability and the potential danger he posed to the public, the court imposed another six months' imprisonment to be followed by a term of twelve months' supervised release.

Clark appeals. But his attorney cannot find a nonfrivolous basis for the appeal and has asked to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We invited Clark's comment on the pending motion; he did not respond. *See* Cir. R. 51(b). That leaves us with only the potential issues raised in counsel's supporting brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first examines whether Clark could challenge the district court's authority to impose an additional term of supervised release on top of reimprisonment. But *Johnson v. United States*, 529 U.S. 694, 712-13 (2000), permits a district court to do just that, even if the sentence is governed, as Clark's is, by an earlier version of 18 U.S.C. § 3583, which does not explicitly provide the authority. *See also United States v. Russell*, 340 F.3d 450, 453-54 (7th Cir. 2003). Still, under *Johnson*, the combined term of reimprisonment and additional supervised release cannot exceed the original term of supervised release. *See Johnson*, 529 U.S. at 712-13; *Russell*, 340 F.3d at 454. That is not a problem here. Clark's original term of supervised release was five years, so the eighteen months of incarceration and supervision he now faces pass muster.

Counsel briefly examines the grounds for revocation as well but acknowledges that they are adequate. There can be no debate here. Testing positive for illegal controlled substances is reason for revocation. *See* 18 U.S.C. § 3583(g)(4); *United States v. Pitre*, 504 F.3d 657, 659-65 (7th Cir. 2007).

Counsel next probes whether Clark could argue that his term of reimprisonment is unreasonable. Our review of additional imprisonment imposed on revocation of supervised release examines whether the term is plainly unreasonable, a standard that we have described as very narrow. *United States v. Kizeart*, 505 F.3d 672, 675 (7th Cir. 2007). A district court need only consider the policy statements found in Chapter 7 of the guidelines and the sentencing factors set forth in 18 U.S.C. § 3553(a) before fashioning an appropriate term of reimprisonment. *See* 18 U.S.C. § 3583(e); *United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008). In Clark's case the court acknowledged that the revocation table proposed an reimprisonment range of seven to thirteen months given Clark's Grade C violations and his criminal history category of V. *See* U.S.S.G. § 7B1.4. The court decided, however, that a lesser term would preserve public safety and provide "some sort of hope for maybe getting [him] more on to the right track." The court noted as well that it sought to avoid an excessively punitive sentence. That is appropriate consideration.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.