937 F.2d 610
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kelvin ROGERS, Defendant-Appellant.
 No. 90-3135.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 27, 1991.*
Decided July 11, 1991.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Kelvin Rodgers pleaded guilty to conspiracy to possess with intent to distribute approximately 500 grams of cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). Rodgers made a motion to withdraw his guilty plea prior to sentencing. The district court denied Rodgers' motion and sentenced him to the mandatory minimum sentence of ten years imprisonment and five years supervised release. Rodgers appeals on the grounds that the district court erred in denying his motion to withdraw his guilty plea and that the district court erred in not sentencing him below the mandatory ten-year minimum because he suffers from reduced mental capacity. We affirm.
 
 ANALYSIS
 Withdrawal of Guilty Plea
 
 2
 There is no absolute right to withdraw a guilty plea. United States v. Alvarez-Quiroga, 901 F.2d 1433, 1436 (7th Cir.1990). Federal Rule of Criminal Procedure 32(d) requires that the defendant demonstrate a "fair and just reason" for withdrawal. Id. Futhermore, the determination of whether a plea withdrawal should be allowed is within the district court's discretion, and we review such a decision only for an abuse of discretion. Id.
 
 
 3
 Rodgers contends that the district court abused its discretion in denying the motion to withdraw his guilty plea because the guilty plea was involuntary. Rodgers acknowledges that the district court properly advised him of his rights before he pleaded guilty, but contends that the district court failed to explore his alleged "indecision and uncertainty" in denying withdrawal of his guilty plea. Rodgers points to the district court's initial refusal to accept his guilty plea and his statements that he made to the district court at sentencing to demonstrate that he did not voluntarily plead guilty.
 
 
 4
 Rodgers' contention that the district court did not inquire into the voluntariness of his decision to plead guilty is not supported by the record. Rather, the record indicates that the district court judge carefully determined whether Rodgers knowingly and voluntarily pleaded guilty. The district court's initial refusal to accept Rodgers' guilty plea evidences the court's care and thoroughness at the plea hearing. Here, the district court judge conducted two separate plea hearings in determining the voluntariness of Rodgers' decision to plead guilty. At both hearings the district court judge fully advised Rodgers of his rights and engaged him in a lengthy discussion regarding the consequences of pleading guilty. See Alvarez-Quiroga, 901 F.2d at 1437 (challenge to voluntariness of defendant's guilty plea foreclosed by judge's care and thoroughness in defendant's plea hearing).
 
 
 5
 Moreover, at the sentencing hearing, which was held almost two months after the district court accepted his guilty plea, Rodgers presented no reason for the district court to conduct a third inquiry into the voluntariness of Rodgers' guilty plea. Rodgers points to his request for a continuance as evidence of his confusion concerning his case. However, Rodgers fails to point out that the court called a ten-minute recess to allow Rodgers and his attorney to discuss whether a continuance was necessary. The record supports the conclusion that Rodgers knowingly and voluntarily pleaded guilty. " 'Rational conduct requires that voluntary responses made by a defendant under oath [when entering a guilty plea] ... be binding.' " United States v. McFarland, 839 F.2d 1239, 1240 (7th Cir.1988) (citation omitted). Rodgers presents no "fair and just" reason for withdrawal, thus the district court did not abuse its discretion in denying Rodgers' motion to withdraw his guilty plea.
 
 Departure From Statutory Minimum Sentence
 
 6
 The statutory minimum sentence for possession with intent to distribute 50 grams or more of a mixture or substance containing cocaine base is ten years. See 21 U.S.C. Sec. 841(b). At the sentencing hearing, Rodgers asked the court to depart downward from the mandatory ten-year minimum sentence on the basis that U.S.S.G. 5K2.13 (policy statement) authorizes a departure on the basis that a defendant's "reduced mental capacity contributed to the commission of the offense." The district judge declined to depart because he believed that he did not have the authority to sentence Rodgers below the statutory ten-year minimum sentence. On appeal, Rodgers contends that the guidelines permit the district court judge to depart from the mandatory ten-year minimum sentence and that it was error for the court not to do so in this case.
 
 
 7
 "A decision not to depart is reviewable on appeal if it is the product of a conclusion that the judge lacks authority to depart." United States v. Poff, 926 F.2d 588, 590 (7th Cir.1991). Our source of jurisdiction is 18 U.S.C. Sec. 3742(a), which allows an appeal for a sentence "imposed in violation of law," and permits appellate review of legal interpretations of the Guidelines. Id. at 591, citing 18 U.S.C. Sec. 3742(a). Here, the district court's reason for not departing, that he was not permitted to do so, is a legal conclusion, not a discretionary refusal. Id. at 591. Thus, this court has jurisdiction to review the district court's conclusion that he lacked authority to depart. Cf. United States v. Dean, 908 F.2d 215, 218 (7th Cir.1990) (no jurisdiction to review defendant's claim that the district court should have granted a greater departure than it did); United States v. Franz, 886 F.2d 973, 978 (7th Cir.1989) (purely discretionary refusal not to depart is not reviewable on appeal).
 
 
 8
 We agree with the district court's conclusion that it lacked the power to sentence Rodgers below the statutory ten-year minimum sentence. Rodgers points to 18 U.S.C. Sec. 3553(b) and U.S.S.G. 5K2.0-5K2.14 (policy statements) for the proposition that the district court may exercise its discretion and impose a sentence below a statutory minimum sentence. Rodgers' reliance on these provisions is misplaced. Both 18 U.S.C. Sec. 3553(b) and U.S.S.G. Secs. 5K2.0-5K2.14 give district court judges the discretion to depart only from a guidelines sentence, and Rodgers' sentence was set by statute. Cf. United States v. Wilson, 922 F.2d 1336, 1342 (7th Cir.1991) (noting that U.S.S.G. Sec. 5K1.1 allows a departure from a guidelines sentence, but not from a sentence imposed by statute, rather departure from a statutory sentence must be pursuant to 18 U.S.C. 3553(e)). The only means by which the sentence could be reduced below the minimum is pursuant to 18 U.S.C. Sec. 3553(e), which provides district courts with limited authority to impose a sentence below the statutory minimum. See United States v. Thomas, No. 20-2183, slip op. at 2 (district court may impose a sentence below Sec. 841(b)'s ten year mandatory minimum sentence only upon motion by the government pursuant to 18 U.S.C. 3553(e)); United States v. Reina, 905 F.2d 638, 640 (2d Cir.1990) ("a district court judge does not have the discretion to depart from a statutory minimum sentence absent a motion from the government pursuant to 18 U.S.C. Sec. 3553(e)"). Section 3553(e) states that "Upon motion of the Government, the court shall have the authority to impose a sentence below the level established by statute as minimum sentence so as to reflect a defendant's substantial assistance...." These circumstances are not present in this case, thus, Rodgers received the proper sentence.
 
 CONCLUSION
 
 9
 The district court acted correctly in refusing to depart from the statutory minimum sentence and in refusing to vacate Rodgers' guilty plea. The district court is
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). The parties filed a stipulation waiving oral argument. On February 20, 1991, we ordered that the appeal be submitted for decision on the briefs and record without oral argument