# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 02-3677

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

KELVIN B. ROGERS,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Illinois.
No. 5:90CR50019-001-GPM—**G. Patrick Murphy**, *Chief Judge.*

_____

ARGUED SEPTEMBER 8, 2003—DECIDED AUGUST 24, 2004

_____

Before KANNE, ROVNER, and DIANE P. WOOD, *Circuit Judges.*

DIANE P. WOOD, *Circuit Judge.* Kelvin Rogers believes that the district court improperly handled the question of further supervised release in connection with his second revocation proceeding. Briefly, the court took the position that it was entitled to impose a term of supervised release up to the amount that it originally imposed at Rogers's first sentencing proceeding. Rogers argues that the court's conclusion was wrong, and rather, that the sentence imposed at his first revocation hearing created a cap on any subsequent proceedings in his case. Complicating matters is the question whether Rogers properly objected to the dis-

trict court's action, and if not, whether he waived or forfeited this point. We conclude that Rogers did not waive the point, but that his objections were too vague properly to preserve it. Thus, he did forfeit his objection to the district court's action, and he may argue only plain error before this court. Finding no such error, we affirm the new sentence.

# I

On September 14, 1990, Rogers was sentenced to 120 months' imprisonment for possession with intent to distribute crack cocaine, which would be followed by 60 months' supervised release. He completed his term of confinement on June 11, 1999, and began serving the supervised release term. After approximately half of the 60-month period had elapsed, however, Rogers found himself before the district court on revocation proceedings. On January 23, 2002, the court revoked his supervised release based on various violations (including possession of a controlled substance) and sentenced him to four months' imprisonment followed by 30 months' supervised release.

Rogers served the four months and began his new term of supervised release on May 10, 2002. This time, he quickly ran afoul of the conditions of release. On September 30, 2002, the district court again revoked his supervised release and sentenced him to six months' imprisonment followed by 50 months' more supervised release. The subject of Rogers's appeal is the district court's increase in the supervised release time from 30 months to 50.

At the September 30 hearing, Rogers's attorney, Lawrence Fleming, did not formally object to the increase from 30 to 50 months. Instead, when the district judge first announced the 50-month term, Attorney Fleming merely asked, "Is that right, your Honor, 50? I thought he had 30 before. . . ." Tr. at 12. When the judge reiterated that he was ordering 50 months of supervised release, the following exchange

took place:

> Rogers: I had 30 months left when I got out [of prison after the first revocation].
>
> Attorney Fleming: This is a new program.
>
> Rogers: Oh, I got some more?
>
> Attorney Fleming: This is new.
>
> The Court: This is a new deal. New sentence—
>
> Rogers: Lord have mercy.

Later on, the court advised Rogers of his right to appeal the sentence and offered to assist him in filing a notice of appeal. When the court asked him directly whether he wished to appeal, Attorney Fleming interrupted and asked to consult with his client. After the consultation, Attorney Fleming informed the court that he had just advised Rogers that no ground for an appeal existed; more or less simultaneously, Rogers chose to file a notice of appeal in open court.

Initially, Attorney Fleming continued to represent Rogers on appeal. He filed an *Anders* brief in this court, but a panel rejected the motion to withdraw, ordered counsel to obtain a transcript of the revocation proceedings (which he had not yet done), and set a briefing schedule. See *United States v. Rogers*, No. 02-3677 (7th Cir. February 25, 2003). Later, Fleming was replaced by Attorney Andrea Smith.

## II

We begin with a brief word about the standard of review on appeal. In this court's order of February 25, we stated that "we accept for present purposes counsel's representation that Rogers objected at his revocation hearing to the latest terms of imprisonment and supervised release." But we made it clear that we were making that assumption without the benefit of the transcript. Now that we have the

transcript, we are free to revisit this initial assumption.

The government argues that the exchange we have reproduced above was not enough to alert the district court to the legal point Rogers is now making, and thus that he forfeited the issue and is entitled only to plain error review. We agree. Both Rogers and Fleming appeared surprised by the change from 30 to 50 months, but neither one so much as hinted that the district court lacked the authority to impose the new time period. Rogers was obviously unhappy about the change, exclaiming, "Lord have mercy," but that is all he said. The purpose of the rules on forfeiture is to give the district court the first opportunity to correct any errors that may arise, and something as general as expressing displeasure at a longer term of supervised release does not serve that purpose. We continue, therefore, on the basis of plain error review.

At issue here is the question whether the district court was authorized to sentence Rogers to a new term of supervised release (50 months) that exceeded the term being revoked (30 months), even though the new term remained within the bounds of the 60-month supervised release term that was part of Rogers's original sentence. (The reason the court limited the term to 50 months was because the court had to deduct the combined 10 months of re-imprisonment Rogers had served from the original 60-month term.) Most cases that have addressed this issue in the past have focused on whether a new term of supervised release could exceed the "original term," but in Rogers's case there are two potential points of reference—the first term imposed at his original sentencing, or the second term imposed at his first revocation proceeding.

The district court's authority to revoke a term of supervised release is governed by 18 U.S.C. § 3583(e)(3), which at the time pertinent to Rogers's case provided that a court can "revoke a term of supervised release, and require the

person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision . . . ." In *United States v. Johnson*, 529 U.S. 694 (2000), the Supreme Court held that the version of § 3583(e)(3) that was in effect at the time of Rogers's sentencing authorized a district court to revoke a term of supervised release, impose a prison sentence, and then reimpose another term of supervised release. 529 U.S. at 713. *Johnson* did not comment on the appropriate length of a new term, however, and it said nothing about a district court's authority to sentence a defendant to a longer term in a subsequent revocation proceeding than it had imposed in an initial revocation hearing.

Nevertheless, *Johnson* makes two useful points. First, the Court observed that "[t]he proceeding that follows a violation of the conditions of supervised release is not, to be sure, a precise reenactment of the initial sentencing." *Id.* at 712. Second, *Johnson* sheds light on the purpose of 18 U.S.C. § 3583. The Court found that "Congress aimed, then, to use the district courts' discretionary judgment to allocate supervision to those releasees who needed it most." *Johnson*, 529 U.S. at 709. The Court went on to say that "[a] violation of the terms of supervised release tends to confirm the judgment that help was necessary and if any prisoner might profit from the decompression stage of supervised release, no prisoner needs it more than one who has already tried liberty and failed." *Id.* The first of these points suggests that Rogers had no expectation that his second revocation hearing would be a mere reenactment either of his original sentencing hearing or his first revocation hearing. The district court had more facts before it the second time around, and it was entitled to take those facts into account. The second point supports a reading of § 3583(e)(3) that confirms the district court's discretion to tailor additional supervised release to the needs of the particular prisoner.

Rogers was a good candidate for a hard look at the necessary period of supervision. At his first revocation hearing, he admitted to committing eight violations of the terms of his release, including the commission of another crime and the illegal possession of a controlled substance. At the second revocation hearing, approximately four months later, he had already committed three more violations, including another instance of illegal possession of a controlled substance. The only question is whether the district court committed plain error by exceeding the permissible ceiling on the facts of Rogers's case by imposing a new period of supervised release that was within his original sentence of supervised release, but more than the period of supervised release imposed at his first revocation hearing.

As a general matter, 18 U.S.C. § 3583(b) uses letter-grade felony classifications to determine the maximum amount of supervised release the court is authorized to impose. With the crucial proviso, "except as otherwise provided," subsection (b) provides a five-year maximum term of supervised release for a Class A felony. Class A felonies are defined by 18 U.S.C. § 3559(a)(1) as those for which the maximum term authorized by law is life imprisonment or death. We can deduce that Rogers's initial offense was a Class A felony by looking at the order this court issued affirming his conviction and sentence, which stated, "Kelvin Rodgers [*sic*] pleaded guilty to conspiracy to possess with intent to distribute approximately 500 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1)." *United States v. Rogers*, 1991 WL 128506 at *1 (7th Cir. July 11, 1991). The version of § 841 then in effect stated that a defendant "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . ." for persons who had distributed more than 50 grams of a mixture or substance containing cocaine base. Thus, although Rogers received only the statutory minimum sentence of 10 years, he committed a Class A felony because the statutory maximum

was life. With respect to supervised release, 21 U.S.C. § 841(b)(1)(A) provided that the court "shall . . . impose a term of supervised release of at least 5 years in addition to such term of imprisonment . . . ." The statute made no mention of a maximum period for supervised release.

Although 18 U.S.C. § 3583(b)(1) speaks of a maximum of five years' supervised release for Class A felonies, there is an exception if another law "otherwise provides." In *United States v. Shorty*, 159 F.3d 312 (7th Cir. 1998), *cert. denied*, 526 U.S. 1147 (1999), this court suggested that a defendant like Rogers could conceivably face a life sentence of supervised release. *Id.* at 316. *Shorty*, however, was addressing the initial term of supervised release, not modifications of the sentence imposed in revocation proceedings. Because the 50-month term the district court imposed on Rogers does not exceed Rogers's original sentence of 120 months' imprisonment followed by 60 months' supervised release, the court's action was consistent with the decision in *United States v. Russell*, 340 F.3d 450 (7th Cir. 2003), which held that "a district court may, upon revoking a term of supervised release under § 3583(e)(3), sentence a defendant to serve a combined term of reimprisonment and additional supervised release, *so long as that sentence does not exceed the original term of supervised release*." 340 F.3d at 454 (citing *Johnson*, 529 U.S. at 705-07, 712-713) (emphasis added).

In our view, it makes sense to distinguish between the original sentence pronounced at the trial, and later adjustments of supervised release at one or more revocation hearings. At Rogers's first revocation hearing, the district court apparently thought that he deserved some lenity; instead of imposing four months' imprisonment and 56 months' supervised release, the court chose to impose four months' imprisonment plus only 30 months' supervised release. Rogers quickly showed that he was not yet able to live within the strictures of his supervised release, however, and so on

the second revocation hearing the court returned to its original sentencing plan. It imposed six more months' imprisonment, and then the 50 months' remaining supervised release time.

## III

We see no error, plain or otherwise, in the sentence the court imposed at the second revocation hearing. We therefore AFFIRM the judgment of the district court.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*