**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 4, 2006[*]
Decided January 5, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 04-3508

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | No. 99 CR 649 |
| JOHN F. PETERMAN, *Defendant-Appellant.* | George W. Lindberg, *Judge.* |

**O R D E R**

John Peterman appeals from an order revoking his supervised release and imposing additional imprisonment. We affirm.

Peterman was convicted in 1992 in the Southern District of Texas for conspiring to possess marijuana with intent to distribute. *See* 21 U.S.C. §§ 846, 841(a)(1). He was sentenced to 86 months' imprisonment and four years' supervised release. Jurisdiction over the case was transferred to the Northern District of

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Illinois in 1999 after Peterman was released from prison and placed on supervised release.  Then in October 2001, after several modifications of the conditions of release, the district court revoked Peterman's supervised release and reimprisoned him for 12 months to be followed by another two years of supervised release. Peterman completed the new prison term, and in late 2002 was again placed on supervised release.

It was during this most recent period of supervision that Peterman was arrested in Chicago and charged by state authorities with possessing crack cocaine; the charge stemmed from a traffic stop in which the patrol officer observed in plain view in Peterman's vehicle several bags of crack and then seized even more from his jacket pocket after placing him under arrest.  Based on this incident, the district court ordered Peterman to appear on September 15, 2004 (before he stood trial on the state charge) to show cause why his supervised release should not be revoked for violating the condition that he not commit "another federal, state, or local crime."  At the hearing Peterman denied violating that proscription, but the district court found by a preponderance of the evidence that he committed the drug offense pending trial in state court.  The court revoked Peterman's supervised release and, after assessing that Peterman was a "drug crimes recidivist" who was unwilling to correct his criminal behavior, imposed 24 months' additional imprisonment with no provision for further supervised release.  Afterward, state prosecutors elected to obtain a *nolle prosequi* dismissal rather than pursue the drug charge.

Peterman, who elected to proceed in this court without counsel, argues, in essence, that the district court should have stayed the revocation matter until the state case was resolved so that the possession charge would be decided under a reasonable-doubt standard instead of by a preponderance.  He also argues that the district court erred by imposing another 24 months' imprisonment because, by the time he is released, he will have served a total of 122 months in prison even though the high end of the guideline imprisonment range for the conspiracy was 97 months. We review the decision whether to revoke supervised release for abuse of discretion, but review subsidiary questions of statutory interpretation de novo.  *United States v. Young*, 41 F.3d 1184, 1186 (7th Cir. 1994).

The district court was not obliged to wait until Peterman was convicted in state court before concluding that he violated the condition that he not commit another crime, whether federal, state, or local.  *See United States v. Salinas*, 365 F.3d 582, 587-90 (7th Cir. 2004) (affirming revocation of supervised release despite fact that defendant "was neither arrested nor prosecuted for any of the conduct that led the court to revoke his supervised release"); *United States v. McClanahan*, 136 F.3d 1146, 1148-52 (7th Cir. 1998) (affirming revocation of supervised release despite fact that defendant's release was revoked prior to his trial for aggravated battery, resisting a police officer, and possession of a controlled substance).  Rather,

the court needed only to find by a preponderance of the evidence that Peterman violated a condition of his supervised release, 18 U.S.C. § 3583(e)(3) (1988 & Supp. IV 1992), which the court did based on information about the state offense included in a report prepared by Peterman's probation officer, *see Salinas*, 365 F.3d at 587 ("A district court may rely on factual information supplied by a presentence report so long as it bears sufficient indicia of reliability to support its probable accuracy."); *United States v. Berkey*, 161 F.3d 1099, 1101-02 (7th Cir. 1998). Moreover, the additional term of 24 months will not cause Peterman's total prison time to exceed the statutory maximum for the offense of conviction; that maximum was 40 years because the conspiracy involved at least 100 kilograms of marijuana, *see* 21 U.S.C. § 841(b)(1)(b)(vii) (1988 & Supp. IV 1992). Not that it would matter if the total prison time did exceed the statutory maximum; the limitation on further imprisonment after revocation is controlled by the length of the term of supervised release, *see* 18 U.S.C. § 3583(e)(3) (1988 & Supp. IV 1992); *United States v. Rogers*, 382 F.3d 648, 650-52 (7th Cir. 2004) (citing *Johnson v. United States*, 529 U.S. 694, 709-12 (2000)), not by the aggregate of all imprisonment relative to the statutory maximum for the offense of conviction.

And, finally, though Peterman believes that his case is affected by *Booker* and the Supreme Court precedents that sparked that decision, *Booker* is relevant only to whether we must decide whether the 24-month term imposed on revocation is "plainly unreasonable," *see* 18 U.S.C. § 3742(a)(4); *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005), or "unreasonable," *see United States v. Booker*, 125 S. Ct. 738, 766-67 (2005); *United States v. Edwards*, 400 F.3d 591, 592 (8th Cir. 2005); *United States v. Fleming*, 397 F.3d 95, 99 (2d Cir. 2005). We need not decide whether there is any substantive difference in these formulations of the review standard; Peterman's term must stand under either.

AFFIRMED.