**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2011

No. 11-50311
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CORTEZ BLACK,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-60-4

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Cortez Black was convicted of one count of conspiracy to possess with intent to distribute five grams or more of crack cocaine. *See* 21 U.S.C. §§ 841(b)(1)(B), 846. After serving his term of imprisonment, he was released and began serving his term of supervised release. He violated the conditions of his supervised release when he robbed a bank. The district court revoked Black's supervised release and imposed a 12-month term of imprisonment, to be followed by five years of supervised release. Black now appeals his revocation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50311

sentence, arguing that under 18 U.S.C. § 3583, the district court was not authorized to impose a five-year term of supervised release. He argues that under § 3583(b)(1), the applicable maximum term of supervised release is five years, and under § 3583(h), any period of incarceration imposed as a result of the revocation of supervised release must be deducted from that five year maximum supervised release term. Therefore, he argues, his 12-month term of imprisonment must be subtracted from the five-year maximum term of supervised release, leaving a maximum of only four years of supervised release to which the district court could sentence him.

A sentence that exceeds the statutory maximum is an illegal sentence and therefore constitutes plain error; review of the issue is thus de novo. *See United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008).

Black's interpretation of § 3583 for a defendant convicted under § 841(b)(1)(B) is contrary to circuit precedent. *See United States v. Jackson*, 559 F.3d 368, 370 (5th Cir. 2009). Black correctly notes that under § 3583(h), the length of a term of supervised release imposed upon revocation "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." § 3583(h). However, under the plain language of § 841(b)(1)(B)(iii) (the "statute for the offense that resulted in the original term of supervised release"), there is no limit on the length of supervised release that may be imposed upon conviction for the offenses listed therein or, consequently, upon revocation of the term of supervised release imposed for such a conviction. *See* § 841(b)(1)(B). Since § 841(b)(1)(B) does not specify a maximum term of supervised release, the maximum is life. *See Jackson*, 559 F.3d at 371.

2

No. 11-50311

Black's reliance on *Vera* is misplaced because that case involved a conviction under 8 U.S.C. § 1324, not a conviction under § 841. *See Vera*, 542 F.3d at 458.

Black's revocation sentence is AFFIRMED.