NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued March 6, 2013
Decided May 10, 2013

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 12-1770

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 02 CR 40078 |
| CHRISTOPHER CAMPBELL, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Christopher Campbell argues that the district court erred by inadequately explaining its decision to impose a 54-month term of reimprisonment following his repeated violations of his supervised release. But because the court explained its decision in light of the sentencing factors listed in 18 U.S.C. § 3583(c), we affirm the judgment, but remand for the purpose of clarifying and, if necessary, correcting a clerical error in the written judgment.

Campbell pleaded guilty to conspiring to distribute methamphetamines, *see* 21 U.S.C. §§ 846, 841(a)(1), and received a sentence of 140 months' imprisonment and 60 months' supervised release. As a reward for his cooperation, the government filed a

motion under *Federal Rule of Criminal Procedure* 35 to reduce his sentence; the district court granted the motion. After completing his term in prison, he began serving his supervised release term in 2009, but in less than a year he was arrested for drunkenly beating a bartender.

At his first revocation hearing, Campbell confessed to three violations of his supervised release—breaking a state law by committing aggravated battery, consuming alcohol to excess, and drinking while enrolled in a substance-abuse program. (Even before attacking the bartender, Campbell had a long history of committing crimes while inebriated.) Campbell asked not to be reimprisoned, assuring, "[I]f the court imposes or gives me another chance, I can say you won't see me here again for this." The district court, while expressing skepticism of Campbell's ability to overcome his dependency, sentenced him to time served (three days) and four years of probation—much less than the 46 to 57 months' reimprisonment recommended by the sentencing commission's policy statement on release violations. *See* U.S.S.G. § 7B1.4. The court's leniency came with a proviso, as the court warned Campbell: "[I]f I see you again, you're going away for the maximum time under statute. Do you understand that?" Campbell replied that he did.

But less than 18 months later, Campbell was back in district court admitting to several new violations, including consuming alcohol, possessing a controlled substance (synthetic cannabis), and associating with a felon. Invited to allocute, Campbell apologized and explained that he had been going through a difficult divorce when he returned to drinking. But the court recalled how apologetic Campbell had been during his first revocation hearing. The court observed that the § 3553(a) factors, as incorporated into 18 U.S.C. § 3583(c), called for "a variance above the guideline provision":

> Okay, the Court's considered the guideline provisions. The Court's considered the 3553(a) factors. The nature and circumstances of the offense and the history and characteristics of you as the defendant, which is not good. You're—this is the second time you are before the Court on a revocation. The Court gave you a break. It doesn't—you know, [Assistant U.S. Attorney] Norwood is right, I don't think I've ever given anybody that kind of a break before.

> The nature and circumstances of the offense, the history and characteristics of you, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law. You obviously don't have any respect for the law. Provide just punishment. To afford adequate deterrence. What I

did before hasn't deterred you at all. And, and the public needs to be protected from your criminal activity.

The court sentenced Campbell to "48 months and 180 days," even though the commission's policy statement recommended an 18 to 24 month reimprisonment term (based on a Grade-B violation—possession of a controlled substance—and a criminal-history category of V).

On appeal Campbell argues that the district court's discussion of the § 3553(a) factors was inadequate to support an "astronomical deviation" from the advisory range. A reimprisonment term that differs "significant[ly]" from the sentencing commission's range, we have insisted, warrants "careful explanation" from the district court. *United States v. Snyder*, 635 F.3d 956, 961 (7th Cir. 2011).

The district court's explanation here, albeit cursory, was sufficient. The court cited Campbell's prior history of violating the terms of his supervised release, *see* 18 U.S.C. § 3553(a)(1), and construed his repeated violations as reflecting a lack of respect for the law and the limits of deterrence, *see id.* § 3553(a)(2)(A)–(B), and recognized the public's need to be protected from a recidivist with a history of violence, *see id.* § 3553(a)(2)(C). Furthermore, because Campbell received an uncommonly lenient reimprisonment term for his first set of release violations, it was not plainly unreasonable for the court the second time around to impose a reimprisonment term within the range recommended by the commission at the first revocation hearing. *See United States v. Rogers*, 382 F.3d 684, 652 (7th Cir. 2004); *see also* U.S.S.G. § 7B1.4 cmt. n.4 (permitting "upward departure" from policy-statement range if defendant violates supervised release after receiving below-guidelines sentence).

Campbell next asserts that the district court failed to consider that a reimprisonment term as harsh as his could create unwarranted sentencing disparities among similarly situated defendants. *See* 18 U.S.C. § 3583(c). Campbell forfeited this argument, however, by failing to present it to the district court, *see United States v. Vaughn*, 433 F.3d 917, 926 n.14 (7th Cir. 2006), and the court was not required to address each § 3553(a) factor individually, *United States v. Panaigua-Verdugo*, 537 F.3d 722, 728 (7th Cir. 2008). Nor has Campbell identified comparators who have "similar records . . . [and] have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *United States v. Durham*, 645 F.3d 883, 887 (7th Cir. 2011). Of the 16 comparators he offers in his brief, 11 were in a lower criminal-history category, the categories of 2 others are unclear, and none of the remaining comparators committed a Grade-A violation following an original conviction, like Campbell did.

We do, however, note a small discrepancy in Campbell's reimprisonment term. At the revocation hearing, the district court imposed a term of "48 months and 180 days," but

Campbell's final judgment states that his term is 54 months. Although the two terms are roughly the same, the 54-month term could produce a release date later (by a matter of days) than the formulation the court announced at the hearing. A discrepancy between an oral sentence and a written one generally requires clarification, particularly where the written sentence is lengthier than the oral sentence—while the oral sentence "takes precedence" over the written judgment, in practice the Bureau of Prisons looks to the written version. *See United States v. Cephus*, 684 F.3d 703, 709–11 (7th Cir. 2012), *cert. denied*, 133 S. Ct. 588 (U.S. Nov. 5, 2012) (No. 12-6626). At oral argument, both parties allowed that a remand might be appropriate, although Campbell's attorney informed us that, after reviewing documents outside of the record, she does not believe that the discrepancy affects Campbell's release date. But we have no present way to confirm that she is correct, and so we order a limited remand for clarification. *See, e.g., United States v. Bonner*, 522 F.3d 804, 808–09 (7th Cir. 2008).

Accordingly, the judgment is AFFIRMED, but the case is REMANDED solely for the district to clarify and, if necessary, correct the above-specified discrepancy.