NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 24, 2014[*]
Decided February 27, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1536

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 4:00-cr-40101-06 |
| | |
| TYREE NEAL, SR., | J. Phil Gilbert, |
| *Defendant-Appellant.* | *Judge.* |

**O R D E R**

Tyree Neal pleaded guilty in 2001 to distribution of crack cocaine and conspiracy to possess crack cocaine with intent to distribute. See 21 U.S.C. §§ 841(a)(1), 846. The district

---

[*]This successive appeal has been submitted to the original panel under Operating Procedure 6(b).

court sentenced him to 137 months' imprisonment and 36 months' supervised release. Among the standard conditions of supervised release were prohibitions on drug use and excessive alcohol consumption. In November 2012, however, after beginning his supervised release, Neal tested positive for marijuana. Two months later, he tested positive for cocaine. Neal admitted these violations, along with several others, including lying to his parole officer about his drug use. The district court revoked his supervised release and sentenced him to an additional prison term of 18 months, to be followed by a new 36-month term of supervised release. Neal has filed a notice of appeal, but his appointed lawyer has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Neal opposes the motion. See CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief and in Neal's response. See *United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

In his *Anders* submission, counsel first represents that Neal does not want to challenge the revocation of his supervised release, and Neal's response does not suggest otherwise. Counsel thus need not have explored the validity of the revocation itself. See *United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010); *United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel considers whether Neal could challenge the length of his sentence, but the lawyer appropriately rejects this potential argument as frivolous. Neal's 18-month prison term is within the recommended reimprisonment range in U.S.S.G. § 7B1.4. And, as counsel recognizes, the district court considered the sentencing factors in 18 U.S.C. § 3553(a), as well as defense counsel's arguments about Neal's family troubles and lack of drug treatment. After assessing the sentencing factors and counsel's arguments in mitigation, the court nonetheless concluded that Neal's efforts to conceal his drug use from his parole officer warranted additional punishment. Given these circumstances, it would be pointless to argue that the within-guidelines reimprisonment term is plainly unreasonable, the applicable standard. See *United States v. Berry*, 583 F.3d 1032, 1034 (7th Cir. 2009); *United States v. Kizeart*, 505 F.3d 672, 674 (7th Cir. 2007).

In his *pro se* response, Neal contends that the district court erred by imposing a combination of imprisonment and supervised release totaling 54 months, which is longer than the original term of supervised release that the court imposed in 2001. But this argument is based on an older version of 18 U.S.C. § 3583(e)(3) (1988 ed., Supp. V), which limited the revocation sentence (reimprisonment plus supervised release) to a total no greater than the term of supervised release initially imposed by the court for the underlying offense. See *Johnson v. United States*, 529 U.S. 694, 704–06 (2000); *United States*

*v. Russell*, 340 F.3d 450, 454 (7th Cir. 2003). A 1994 amendment to 18 U.S.C. § 3583, however, changed the language of subsection (e)(3) and added a new subsection (h); both subsections now state that a combined sentence of imprisonment and supervised release imposed after revocation may not exceed "the term of supervised release *authorized by statute for the offense that resulted in [the initial] term of supervised release*." 18 U.S.C. § 3583(e)(3), (h) (emphasis added); see *Johnson*, 529 U.S. at 705. Neal was initially sentenced in 2001, after the amendment took effect.

The new sentence complies with the amended statute. Every circuit that has addressed the 1994 amendment has concluded that the statute now allows a district court to impose a revocation sentence longer than the original term of supervised release. See *United States v. Spencer*, 720 F.3d 363, 365–66 (D.C. Cir. 2013); *United States v. Lamirand*, 669 F.3d 1091, 1094–97 (10th Cir. 2012); *United States v. Williams*, 675 F.3d 275, 280 (3d Cir. 2012); *United States v. Hampton*, 633 F.3d 334, 339–41 (5th Cir. 2011); *United States v. Palmer*, 380 F.3d 395, 398 (8th Cir. 2004) (*en banc*); *United States v. Pla*, 345 F.3d 1312, 1314–15 (11th Cir. 2003). (Our circuit's only decision on the subject, *United States v. Sullivan*, 327 F. App'x 643, 645 (7th Cir. 2009), though nonprecedential, is consistent with those from our sister circuits.) Neal does not suggest a reason why these decisions are wrong.

Under the amended statute, the upper boundary now is not the original term of supervised release that the court imposed for the initial offense, but the statutory maximum term of supervised release for that offense. The maximum supervised-release term for Neal's initial drug offenses is life. See 21 U.S.C. § 841(b)(1)(C); *United States v. Rogers*, 382 F.3d 648, 652 (7th Cir. 2004); *United States v. Shorty*, 159 F.3d 312, 315–16 n.6 (7th Cir. 1997); *United States v. Sanchez-Gonzalez*, 294 F.3d 563, 566–67 (3d Cir. 2002). It would therefore be frivolous to argue that the district court erred by imposing 36 months' supervised release on top of 18 months' reimprisonment.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.