NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 23, 2014
Decided May 23, 2014

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-1069

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 03-CR-30161-MJR |
| DEGNERIC WHITE, *Defendant-Appellant.* | Michael J. Reagan, *Judge.* |

**O R D E R**

Degneric White began serving concurrent 3- and 5-year terms of supervision in October 2010 after completing prison terms for drug possession, 21 U.S.C. § 841(a)(1), and being a felon in possession of a gun, 18 U.S.C. § 922(g)(1). In May and June 2013, he distributed crack near an elementary school, leading to four new criminal convictions. 21 U.S.C. §§ 841(a)(1), 860. Based on these violations, the district court revoked White's supervised release and reimprisoned him for 2- and 3- year terms, to run consecutively. White has filed a notice of appeal challenging the revocation, but his appointed lawyer contends that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). We invited White to comment on counsel's motion, but he did not respond. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of

the case and addresses the issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel has discussed. *See United States v. Bey*, --- F.3d ---, 2014 WL 1389090, at *2 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first notes that White admitted to the drug violations in the district court and does not wish to dispute his admissions on appeal. Thus counsel properly omits any discussion of the district court's finding that White violated a condition of his supervision. *See United States v. Wheaton*, 610 F.3d 389, 390 (7th Cir. 2010).

In his *Anders* submission, counsel examines the court's guidelines calculations, but he informs us that he did not find even a potential error. White had a criminal-history category of V at the time of his original sentencing, and counsel rightly notes that this category is the one used at revocation. *See* U.S.S.G. § 7B1.4 cmt. n.1; *United States v. McClanahan*, 136 F.3d 1146, 1149–50 (7th Cir. 1998). Because White's violations were Grade A violations—controlled-substance offenses punishable by more than one year in prison, *see* U.S.S.G. § 7B1.1(a)(1); 21 U.S.C. § 841(b)(1)(C)—the district court correctly calculated a guidelines range of 30 to 37 months, *see* U.S.S.G. § 7B1.4(a).

Counsel next considers whether White could argue that the 2010 reduction in penalties for crack-cocaine offenses limited his maximum terms of reimprisonment to two years because his underlying drug crime today would be a Class C felony. *See* 18 U.S.C. §§ 841(b)(1)(B)(iii); 3559(a) (defining classes of felonies), 3583(e)(3) (limiting terms of reimprisonment based on felony classification); Fair Sentencing Act of 2010, Pub. L. No. 111–220, 124 Stat. 2372. We agree with counsel that this claim would be frivolous. Revocation sanctions are part of the penalty for the underlying offense, so district courts must apply the law in effect at the time of the original crime. *See Johnson v. United States*, 529 U.S. 694, 700–01 (2000); *United States v. Rogers*, 382 F.3d 648, 652 (7th Cir. 2004). White's 2004 drug crime was a Class B felony subject to a 3-year maximum term of reimprisonment after revocation, and the Fair Sentencing Act does not reduce the penalties for those sentenced before the law changed. *Dorsey v. United States*, 132 S. Ct. 2321, 2335 (2012); *United States v. Foster*, 706 F.3d 887, 887–88 (7th Cir. 2013).

Finally counsel asks whether White could challenge his terms of reimprisonment as plainly unreasonable and rightly concludes that such a challenge would be frivolous. Based on White's extensive criminal history spanning decades and the likelihood that he would continue to sell drugs, the district court imposed consecutive 2- and 3- year prison terms, the statutory maximum. *See* 18 U.S.C. § 3583(e)(3); *United States v. Snyder*,

635 F.3d 956, 960 (7th Cir. 2011) (court may impose consecutive terms upon revocation of concurrent terms of supervised release); *United States v. Deutsch*, 403 F.3d 915, 918 (7th Cir. 2005) (same). After considering White's difficult childhood and drug addiction, the district judge reasonably applied the relevant § 3553(a) factors in deciding that a total of 5 years in prison was necessary to protect the community, deter future crimes, and sanction White for repeatedly and flagrantly violating the terms of his supervision. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C); *United States v. Neal*, 512 F.3d 427, 438–39 (7th Cir. 2008); *United States v. Pitre*, 504 F.3d 657, 664–65 (7th Cir. 2007).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.