> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 12, 2015
Decided March 12, 2015

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 14-2257

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 92-30068-002 |
| | |
| ROBERT L. WALLACE, | Richard Mills, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

In *United States v. Wallace*, 557 F. App'x 567 (7th Cir. 2014), we reversed an order revoking Robert Wallace's supervised release because of an error in the admission of hearsay testimony at his revocation hearing. On remand the district court conducted a fresh hearing and again revoked Wallace's term of supervision. Wallace has filed a notice of appeal, but his appointed attorney asserts that any argument would be frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Counsel has submitted a brief that explains the nature of the case and addresses the issues that an appeal of this kind might be expected to involve. Wallace has not responded to our invitation to comment on counsel's motion. *See* CIR. R. 51(b). Because the analysis in the brief appears to be thorough, we limit our review to the subjects that counsel discusses.

*See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

After serving a 235-month term of imprisonment for his role in a drug conspiracy, Wallace began a 5-year term of supervised release in 2009. Four years later the district court found that Wallace had violated several conditions of supervised release and reimprisoned him for 60 months. The government's principal evidence was the written report of a nontestifying state trooper who had arrested Wallace in Texas. We reversed that decision because the district court had violated Federal Rule of Criminal Procedure 32.1(b)(2)(C) by admitting the trooper's report without first explicitly balancing Wallace's interest in confronting and cross-examining adverse witnesses against the government's reasons for relying on hearsay. *See Wallace*, 557 F. App'x at 569–70.

On remand the district court conducted another revocation hearing, and this time the arresting trooper, Carlos Wilson, testified by video. At the hearing the court informed Wallace that he was accused of violating his conditions of release by possessing marijuana, evading arrest, and driving recklessly in violation of Texas law; leaving the Central District of Illinois without permission; associating with a felon; and failing to notify his probation officer within 72 hours of his contact with law enforcement. Wilson, the government's sole witness, recounted conducting a traffic stop of two men in November 2012 and writing his report the following day. According to Wilson, the passenger provided an Illinois identification card and identified himself as Wallace. The driver, Keith Jordan, also was on supervised release. After Jordan exited the car, Wilson continued, Wallace jumped into the driver's seat and sped away, leading Wilson on a high-speed chase for several minutes. Wilson stopped the car by shooting one of the rear tires, but Wallace fled on foot and was not arrested until the next month. Wilson and another officer searched the car and found almost 30 pounds of what laboratory analysis confirmed to be marijuana.

Based on Trooper Wilson's testimony, his written report, and a video of the traffic stop, the district court concluded that the government had met its burden to show that Wallace committed the alleged violations. The most serious—a controlled substance offense punishable by more than a year in prison, *see* TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(4) (West 2009); TEX. PENAL CODE ANN. § 12.34(a) (West 2009)—is a Grade A violation mandating revocation, *see* 18 U.S.C. § 3583(g)(1); U.S.S.G. § 7B1.1(a)(1), and the statutory maximum term of reimprisonment was 5 years, *see* 18 U.S.C. § 3583(e)(3). Wallace did not object to the guidelines range of reimprisonment of

37 to 46 months. *See* U.S.S.G. § 7B1.4(a). The district court again imposed a 60-month term, explaining that the seriousness of Wallace's violations warranted the maximum term of incarceration.

In her *Anders* brief, counsel first considers challenging the evidence admitted at the revocation hearing, specifically the district court's decision to permit Trooper Wilson to testify by video rather than in person, and the admissibility of hearsay contained in the laboratory report. We agree with counsel that these arguments would be frivolous. In *United States v. Jordan*, 765 F.3d 785 (7th Cir. 2014), we concluded that these same arguments were meritless when made by the driver who was with Wallace in the car that Trooper Wilson stopped, *id*. at 787–88. As in *Jordan*, the district court heeded our suggestion that video conferencing could be appropriate for the trooper's testimony. *See id.* at 787; *Wallace*, 557 F. App'x at 569. And we could not say that Wallace was harmed by admission of the laboratory report, even if that decision was erroneous, because the government's other evidence was enough to prove Wallace's drug offense by a preponderance. *See Jordan*, 765 F.3d at 788; *United States v. Mosley*, 759 F.3d 664, 668–69 (7th Cir. 2014); *United States v. Turner*, 709 F.3d 1187, 1195 (7th Cir. 2013). Wilson testified in both Jordan's and Wallace's revocation proceedings that, based on his 12 years' experience in law enforcement and his training in identifying marijuana, he recognized by sight and smell that the substance was marijuana, and the laboratory analysis simply confirmed this belief.

Counsel also considers challenging Wallace's term of reimprisonment as plainly unreasonable but rightly concludes that any claim would be frivolous. First, the 60-month term is statutorily authorized. The drug conspiracy for which Wallace was convicted is a Class A felony, *see* 21 U.S.C. §§ 846, 841(a)(1) (1988); 18 U.S.C. § 3559(a)(1); *United States v. Rogers*, 382 F.3d 648, 652 (7th Cir. 2004); *United States v. Turlington*, 696 F.3d 425, 426–28 (3d Cir. 2012), and thus he could have been reimprisoned for up to 5 years, *see* 18 U.S.C. § 3583(e)(3). Second, we would not find the 60-month term to be plainly unreasonable. *See United States v. Neal*, 512 F.3d 427, 438 (7th Cir. 2008); *United States v. Kizeart*, 505 F.3d 672, 674–75 (7th Cir. 2007). The district court acknowledged the guidelines range of 37 to 46 months, *see* U.S.S.G. § 7B1.4, and evaluated the factors listed in 18 U.S.C. § 3553(a), *see Neal*, 512 F.3d at 438; *United States v. Pitre*, 504 F.3d 657, 664–65 (7th Cir. 2007). After considering Wallace's arguments in mitigation, the district court concluded that Wallace had committed "very serious offenses," including possessing a large quantity of marijuana and evading arrest "in a reckless manner that endangered the lives of others." He also had traveled outside the judicial district multiple times and

associated with a felon, the court continued, and thus the seriousness of his violations warranted a "lengthy" period of incarceration.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.