**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

---

No. 14-1046

UNITED STATES OF AMERICA,

Appellee,

v.

ANTONIO R. MARTÍNEZ-POMALES,
a/k/a Sealed Defendant 1, a/k/a Benji,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

---

Before

Lynch, Thompson, and Kayatta,
Circuit Judges.

---

Robert Millán on brief for appellant.

Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, and Juan Carlos Reyes-Ramos, Assistant United States Attorney, on brief for appellee.

---

August 21, 2015

---

**THOMPSON**, **Circuit Judge**. A district court sentenced Antonio Martínez-Pomales to 10 years in prison and 5 years of supervised release for conspiring to distribute at least 5 kilograms of cocaine. See 21 U.S.C. §§ 841(a)(1), 846. He got somewhat lucky on the supervised-release front, because a statute authorizes a minimum supervised-release term of "at least 5 years," see id. § 841(b)(1)(A), and permits a maximum term of life, see United States v. Cortes-Claudio, 312 F.3d 17, 22-23 (1st Cir. 2002). Martínez-Pomales later admitted violating conditions of his supervised release by (among other things) committing crimes of violence. So the court revoked his supervised release, sentenced him to 24 months in prison, and imposed a new 5-year supervised-release term too.

Martínez-Pomales contests here only the supervised-release part of his new sentence, insisting that the court plainly erred by not reducing the 5-year figure to 3.[1]

---

[1] Plain-error review is compelled, he writes, because he failed to object to the sentence below. For any legal novice reading this opinion, plain error is an error so clear-cut that a district judge should be able to avoid it even without an objection from a party. See United States v. Correa-Osorio, 784 F.3d 11, 18 (1st Cir. 2015). More particularly — and in legalese — plain error is "(1) an error, (2) that is clear or obvious, (3) which affects [the non-objecting party's] substantial rights (i.e., the error made him worse off), and which (4) seriously impugns the fairness, integrity, or public reputation of the proceeding." Id. at 17-18.

In so doing, he argues (at least implicitly) in this multi-step way:

Step one:  A federal statute, he points out, says that after revoking a person's supervised release, a district court can impose a prison term followed by more supervised release — though the statute adds that the amount of supervised release is limited to "the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release."  See 18 U.S.C. § 3583(h).

Step two:  His original drug offense was a Class A felony, he concedes.  See 18 U.S.C. § 3559; id. § 3581(b).  And, his argument continues, a supervised-release term for a Class A felony may not exceed 5 years.  Tellingly, he cites no statute to back up his claim, opting instead to rely on section 7B1.1 of the federal sentencing guidelines — but this section grades supervised-release infractions, not crimes that led to the original term of supervised release, and so is not relevant for present purposes.  See United States v. Tapia-Escalera, 356 F.3d 181, 185 (1st Cir. 2004) (discussing section 7B1.1's purpose).  Still, what Martínez-Pomales says is an echo of 18 U.S.C. § 3583(b)(1), which — with a key proviso ("[e]xcept as otherwise

- 3 -

provided") — sets a maximum of 5 years' supervised release for a Class A felony.

Step three: Believing that 5 years of supervised release was the statutory limit for his original drug crime — and noting that the court gave him 2 years in prison following the revocation of his first supervised release — he protests that any further supervised release could not exceed 3 years after doing the math required by section 3583(h) (discussed in step one): 5 - 2 = 3. Ergo, the district court plainly blundered by giving him 5 years — or so he tries to persuade us.

We can make short work of this argument, however, because a key premise of Martínez-Pomales's thesis is simply wrong: contrary to what he thinks, the maximum term of supervised release for his drug-conspiracy crime is not 5 years — it is life. Here is why. Although section 3583(b)(1) caps supervised release for Class A felonies at 5 years, there is an exception if another law "otherwise provide[s]." And 21 U.S.C. § 841(b)(1)(A) is just such a law, mandating a minimum term of supervised release "of at least 5 years" for certain drug crimes, including the one for which Martínez-Pomales was originally sentenced. See Cortes-Claudio, 312 F.3d at 21 (explaining that "[b]ecause § 841 does 'otherwise provide' supervised release terms, its provisions" trump section 3583(b)'s). Also, the "at least 5 years" language means, we have

- 4 -

held, that a defendant committing the qualifying crime can face a life sentence of supervised release. See id. at 22-23; see also United States v. Matos, 328 F.3d 34, 44 (1st Cir. 2003). Given, then, that the maximum supervised-release term for Martínez-Pomales's initial drug crime was life, not 5 years, we cannot say that the district court plainly erred by hitting him with 5 years' supervised release on top of 2 years' reimprisonment, see, e.g., United States v. Neal, 556 F. App'x 495, 497 (7th Cir. 2014) (per curiam) (rejecting an argument similar to Martínez-Pomales's); United States v. Black, 455 F. App'x 412, 412-13 (5th Cir. 2011) (per curiam) (ditto) — even assuming, as he argues, that section 3583(h)'s subtraction principle is in play here.[2]

**Affirmed**.

---

[2] Some circuits hold that if a defendant violates his supervised release, a district court can impose a lifetime supervised-release term without deducting any jail time imposed for that same infraction. See United States v. Cassesse, 685 F.3d 186, 190-91 (2d Cir. 2012) (explaining why "it is highly unlikely" that Congress thought that section 3583(h)'s "subtraction concept . . . applied to a lifetime term of supervised release" — for one, a court "could easily circumvent such a requirement by selecting a supervised release term of many years, 99 for example, and then imposing 'only' 98 years" — and so an "unadjusted lifetime term of supervised release" is not "unlawful"); United States v. Rausch, 638 F.3d 1296, 1303 (10th Cir. 2011) (stressing that "[b]ecause it is impossible to predict the precise length of any individual's life, a [supervised release] sentence of 'life less two years [in prison]' has only conceptual — not practical — meaning"). We need not explore that topic today; it is enough to say — as we just did — that the 5-year supervised-release term imposed on Martínez-Pomales does not come anywhere close to plain error.